It may perhaps be questioned whether the plaintiff is not bound to sustain his recovery upon the ground, and the only ground, upon which it was allowed by the learned judge before whom the cause was tried. Whether this be so or not, I think the ruling was correct. The last count in the complaint charges that the defendants were copartners in the forwarding, transportation and other business, at Troy and Oswego and at other places; that Hooker conducted the business of the firm at Troy and the Isaacs at Oswego; and that the latter, for the said firm, on the 7th of August, 1849, drew the draft in question. There was certainly evidence, I think very strong evidence, tending to prove the allegation in the complaint above mentioned. It is, however, sufficient to say that there was some proof, and that the judge who tried the cause without the intervention of a jury must have found the facts substantially as stated in *Page 60 
the complaint, as he placed the plaintiff's right to recover exclusively upon that ground. If so, the judgment was warranted by the principle established in The Bank of Rochester v.Monteath (1 Denio, 402), and in The Bank of South Carolina
v. Case (8 Barn. Cress., 427).
The whole court concurring,
Judgment affirmed.